UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

**FILED**

FEB 1 ? 2006

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,          )
                               )
      -v-                       )      CR 04-30110
                               )
DARREN YOUNGMAN,                )
                               )
            Defendant.          )

MEMORANDUM AND ORDER

Mr. Youngman was indicted on 18 felony counts.  During trial 5 counts were dismissed by the Government when an alleged "victim" refused to testify, and a 6th count also dismissed at the motion of the Government.  The remaining 12 counts were submitted to the jury, and the verdict was a not guilty finding on three counts and guilty on the remaining 9 counts.

The "not guilty" verdicts were on count 1–kidnapping, count 2-aggravated sexual abuse (the squirt gun reservoir) and count 9,-- assault resulting in serious bodily injury (the "backhanding" of Kimberly Jones).

The "guilty " findings were as follows:

Count 3—aggravated sexual abuse (Kathleen King–anal penetration)

Count 4–Assault with a dangerous weapon (King-belt)

Count 5–Assault with a dangerous weapon (King-shod feet)

Count 6–Assault resulting in serious bodily injury (King–extensive bruising)

Count 8–Assault with a dangerous weapon (Reynolds–belt)

1

Count 15–Assault with a dangerous weapon (LaPointe–belt)

Count 16–Aggravated sexual abuse (LaPointe–burned house location)

Count 17–Assault with a dangerous weapon (LaPointe–wooden flute)

Count 18–Assault resulting in serious bodily injury (LaPointe-injured forearm, from flute attack.)

Many of the problems I anticipated having to deal with on the rule 29 motion for judgment of acquittal have been solved by the findings of not guilty on counts 1, 2 and 9. The motion by the government to dismiss the 1st degree burglary charge also simplifies matters. The counts of conviction fall into three categories–Assault–dangerous weapon; (5 convictions) Assault–resulting in serious bodily injury; (2 convictions)  and aggravated sexual abuse (2 convictions )

The jury found that the belt, the feet in tennis shoes (whether white or black, and I am proud of the restraint I exercised in not inquiring of counsel if being kicked with white shoes was preferable to being kicked with black ones) and the wooden flute all fit within the definition of a dangerous weapon. They were justified in reaching that decision, and I will not disturb it.

Counsel argues that the totality of the facts show that the rape convictions are not sufficiently supported by credible evidence. The anal penetration occurred during a somewhat prolonged period of sexual activity, most of which was admittedly consensual. Ms. King's description of her efforts to make the defendant stop and the pain the activity caused were quite graphic. The evidence supports the conviction on count 3. I have some more difficulty with count 16, but after a woman has been hit and whipped, her testimony that she was "not in the mood" has to be a classic understatement. The evidence, although more tenuous, supports the

jury finding on count 16.

The presence or absence of "serious bodily injury" on counts 6 and 18 is a very difficult call. Does the bruising on Ms. King from the whippings with the belt and the belt buckle fall within the definition of serious bodily injury? Does the bruised forearm, placed in a splint and sling for a day fit? The worst injury–the laceration and broken nose sustained by Ms. Jones–fell with the jury finding of not guilty on count 9 after her testimony that she thought it had been an "accident".

The definition of serious injury given to the jury is as follows:

"Serious bodily injury" means bodily injury which involves one or more of the following:

(1) a substantial risk of death;
(2) extreme physical pain
(3) protracted and obvious disfigurement; or
(4) protracted loss or impairment of the function of a bodily member, organ or mental faculty.

18 U.S.C. § 1365(h)(3).

By way of contrast, this same statute defines "bodily injury" as:

(1) a cut, abrasion, bruise, burn, or disfigurement;
(2) physical pain;
(3) illness;
(4) impairment of the function of a bodily member, organ, or mental faculty; or
(5) any other injury to the body, no matter how temporary.

18 U.S.C. § 1365(h)(4).

The Eighth Circuit decisions usually recite that the determination of "serious bodily injury" is a factual determination to be made by the jury. In each case however, the Court then analyzes the fact pattern to determine if a sufficient evidentiary basis exists for the jury finding. A jury verdict will only be reversed based upon insufficiency of the evidence if no reasonable

3

jury could have found the defendant guilty beyond a reasonable doubt. United States v. Jourdain, 433 F.3d 652, 656 (8th Cir. 2006). In making this determination the evidence must be viewed in a light most favorable to the jury's verdict and any evidentiary conflicts must be resolved in favor of the government. Id.

In count 6 the injury consisted of extensive bruising to the torso, hip area and thigh of Ms. King. On initial examination, the marks do not photograph well but after two days the bruises have "bloomed" into very distinctive markings. She testified as to the pain she experienced during the whipping, kicking and striking. No medical treatment was required.

In count 18, Ms. LaPointe was struck across the forearm with a wooden flute, which broke from the impact and a portion of the flute came into contact with her face. She immediately sought medical attention and x-rays were taken to determine if a fracture was present in her forearm. She was fitted with a splint and sling. It turned out that no fracture was present and, while the testimony is not clear, or at least my recollection of it is not clear, she was able to do away with the splint and sling in a day or two. She described the pain she experienced as a "7 in a scale of 1 to 10" with 1 being a tickle and 10 being unbearable agony.

In United States v. Jourdain, 433 F.3d 562 (8th Cir. 2006), the Court had the not too difficult time determining that 4 gun shot wounds resulting in the death of the victim did constitute "serious bodily injury." In United States v.Two Eagle, 318 F.3d 785 (8th Cir. 2003), the Court determined that injuries inflicted as a result of gun shots met the definition. The shots produced scarring at entry and exit points, caused broken legs, required surgical intervention, produced significant pain and some permanent impairment. (In my humble opinion, virtually any shooting incident carries substantial risk of death. Even Annie Oakley could have a bad day.) In

4

United States v. Morrison, 332 F. 3d 530 (8th 2003), the Court stated "whether an injury is serious presents a question of fact for the jury." As indicated above, Clifford testified that Morrison struck him twice on the head with a baseball bat. According to Clifford the first blow "hurt" and "dazed" him, causing him to fall to the ground. By the time he was struck the second time, Clifford was "getting numb." During the trial, which occurred approximately eight months after the attack, Clifford showed the jurors a scar that remained on his forehead.. Clifford also testified about ongoing difficulties that resulted from the assault etc. etc." The Court found the evidence to be sufficient.

See also United States v. Demery, 980 F.2d 1187 (8th Cir. 1992), where a partially severed finger and residual impairment of movement and sensation was deemed to qualify as serious.

And, for purposes of application of the advisory sentencing guidelines to the counts of conviction for aggravated sexual abuse, see United States v. Long Turkey, 342 F.3d 856 (8th Cir. 2003). which would appear to have a bearing on count 3.

I am somewhat reluctantly forced to the conclusion that while Mr. Youngman is clearly guilty of the B misdemeanor of "Assault by beating, wounding and striking", the injuries involved here do not qualify as "serious" for the purpose of elevating the misdemeanor conduct to felony status. The injuries sustained by both women, while clearly constituting bodily injury, do not, as a a matter of law, rise to the level of serious bodily injury. The Court recognizes that extreme physical pain can constitute serious bodily injury. However, the only injuries to Ms. King and Ms. LaPointe were bruises. The Court is of the opinion that the amount of pain inflicted in producing these cannot reasonably be described as "extreme." Physical pain was

5

experienced to be sure but not extreme physical pain.  In <u>Long Turkey</u> the victim described the pain endured as being comparable to that experienced in childbirth. <u>Long Turkey</u>, 342 F.3d at 859.  In the context of the sentencing guidelines this was found, along with other injuries, to constitute serious bodily injury. <u>Id.</u>  This is not the situation presented in the current case.  As a practical matter, the presence or absence of counts 6 and 18 may have little or no effect on the application of the advisory guidelines.

Therefore:

1.  The Defendant's rule 29 motions for judgment of acquittal as to counts 4, 5, 8, 15, 16 and 17 are denied, the Court finding the evidence to be sufficient to support the findings of guilt.

2.  The Defendant's rule 29 motions for judgment of acquittal on counts 6 and 18 are granted, the Court finding the evidence not sufficient on the element of "serious bodily injury."

3.  The motion for a new trial is denied.

IT IS SO ORDERED.

Dated this 17th day of February, 2006

/s/ Patrick A. Conmy _____
Patrick A. Conmy, Senior District Judge
United States District Court

6