

FILED
APR 02 2007

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 06-2333

| | |
|---|---|
| United States of America, | |
| Plaintiff – Appellee, | |
| v. | Appeal from the United States District Court for the District of South Dakota. |
| Darren Youngman, also known as Tote Youngman, | |
| Defendant – Appellant. | |

Submitted: December 13, 2006
Filed: April 2, 2007

Before BYE, COLLOTON, and BENTON, Circuit Judges.

BENTON, Circuit Judge.

Darren Ray Youngman was convicted of two counts of aggravated sexual abuse, in violation of 18 U.S.C. §§ 1153, 2241(a), 2246(2), and five counts of assault with a dangerous weapon, in violation of 18 U.S.C. §§ 113(a)(3),1153, all on the Rosebud Sioux Indian Reservation. Youngman appeals. Having jurisdiction under 18 U.S.C. § 1291, this court affirms.[1]

---

[1] The Honorable Patrick A. Conmy, Senior United States District Judge for the District of North Dakota.

I.

After indicting Youngman on multiple counts, the government dismissed six during trial. The jury acquitted on three counts, convicting Youngman on nine. The district court then granted judgments of acquittal on two counts.

Youngman appeals the remaining seven convictions, claiming the district court erred in (1) denying his motion for writs of *habeas corpus ad testificandum*, (2) commenting about a government witness, (3) declining a proposed jury instruction, and (4) denying a judgment of acquittal on five counts.

A.

Youngman first argues that the district court erred in denying writs of *habeas corpus ad testificandum*. This court reviews for abuse of discretion and does not reverse "unless the exceptional circumstances of the case indicate that the defendant's right to a complete, adequate and fair trial is jeopardized." *United States v. LeAmous*, 754 F.2d 795, 798 (8th Cir. 1985).

Four days before trial, Youngman requested the production of three federal prisoners as witnesses. Youngman did not provide any indication of the necessity of the witnesses for an adequate defense. The court denied the motion stating it was "extremely unlikely" that the witnesses could be delivered by the time of trial. The court also noted that Youngman had "not informed the Court exactly where [the] three individuals were located" and had failed to supply writs for the Court's signature. Youngman asserts he was denied compulsory process under Article VI of the Constitution.

The right to compulsory process is not absolute, and is left to the discretion of the trial judge. *See LeAmous*, 754 F.2d at 798. Rule 17(b) requires a defendant to

-2-

show "the necessity of the witness's presence for an adequate defense." **Fed R. Crim. P. 17(b)**. A defendant bears the burden of demonstrating that the "testimony of the witness is both material and favorable to the defense." ***United States v. Mejia-Uribe***, 75 F.3d 395, 399 (8th Cir. 1996).

"Mere allegations of materiality and necessity are not sufficient to establish that a witness is necessary to an adequate defense." ***LeAmous***, 754 F.2d 795 at 798. A "conclusory statement" that a witness is needed for a defense does not satisfy the burden under Rule 17(b). *See* ***United States v. Oates***, 173 F.3d 651, 659 (8th Cir. 1999) (statement that witness is needed to "introduce testimony at trial for his defense" does not satisfy Rule 17(b)).

At no time before or during trial did Youngman even attempt to show that the requested witnesses were necessary for an adequate defense. Youngman fails to meet his burden of demonstrating that his right to a complete, adequate, and fair trial was jeopardized.

B.

Youngman contends that the court erred in stating, "It's a difficult witness, and I'll give him [the prosecutor] some latitude. But eventually it may be that you can't help people that don't want to be helped." The court made this statement after Youngman objected to the prosecutor's commentary that he knew it was difficult for the witness to testify and apologized for making her do it. Youngman did not object to the court's statement at trial. He now argues that it "insinuates that this is a victim who needs help, and that if she refuses help, there is nothing the jury or the judge can do for her." The government ultimately dismissed all five counts relating to the witness.

-3-

Since Youngman did not object to the district court's statement, this court reviews for plain error. *United States v. Bustos-Torres*, 396 F.3d 935, 947 (8th Cir. 2005); *United States v. Harper*, 466 F.3d 634, 644 (8th Cir. 2006). Youngman bears the burden of showing that the comment was an error, the error was plain, and it affected his substantial rights. *Id.* This court will only correct errors serious enough to affect the "fairness, integrity or public reputation of judicial proceedings, such as circumstances in which a miscarriage of justice would otherwise result." *Id.*, *quoting United States v. Olano*, 507 U.S. 725, 735-56 (1993).

During trial, a judge must be "especially cautious," because a judge's influence on a jury is great and any word "may prove controlling." *Harper*, 466 F.3d at 646, *quoting Rush v. Smith*, 56 F.3d 918, 921-22 (8th Cir. 1995) (en banc). However, even if the judge's comment here were error, Youngman must also establish that the comment violated his substantial rights and that "there is a reasonable probability that the outcome of his trial would have been different had the court not made the statements" *Harper*, 466 F.3d at 646. In determining the prejudicial effect of the comments, this court reviews the context in which the comments were made, the trial as a whole, and the court's subsequent instructions to the jury. *Id.*

Here, the witness was extremely reluctant to testify. She admitted that her reluctance stemmed from her fear of Youngman and because his father was her boss. Out of the presence of the jury, the government moved to dismiss the five charges relating to her due to her unwillingness to testify. After granting the motion, the judge told the jury that "we explored options of what to do with a young woman who was just distraught for whatever reason, and determined that this is the best option." Later, during the instructions to the jury, the court told the jury to "not assume that I hold any opinion on matters to which my questions may have related," "not take anything I may say or do during trial as indicating what I think of the evidence or what I think your verdict should be," and "statements arguments, questions, and comments made by lawyers, or myself are not evidence."

Examining the context of the judge's initial statement, the trial as a whole, and the subsequent instructions, any prejudice against Youngman was remedied when the district court dismissed the charges relating to the witness and provided multiple clarifying instructions. This is not a case where the judge "had actively injected himself into the entire trial proceedings and had made extremely prejudicial comments that pervaded the overall fairness of the trial and which tended to accentuate and emphasize the government's case." *See Alidani v. Dooley*, 365 F.3d 635, 640 (8th Cir. 2004). *See also id.* at 643 (dissenting opinion of Richard S. Arnold, J.) (agreeing reversal is not required if the witness has her testimony stricken or is on the stand only briefly and gives inconsequential testimony). As Youngman has not established that the judge's statement affected his substantial rights, he is not entitled to relief.

C.

Youngman believes that the court erred in failing to provide the following instruction to the jury:

> The indictment charges that the offense was committed "on or about between" certain dates. The proof needs establish with certainty the exact date of the alleged offense. It is insufficient if the evidence in the case established beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged  It is the governments [sic] burden to provide evidence which established the exact date they assert the offense occurred on.

The dates in question stem from his convictions on three counts against one victim. The indictment alleged that these offenses occurred "on or about between January 1, 2001, and May 31, 2003," (one count of sexual abuse, and one count of assault) and "on or about between January 1, 2001 and January 31, 2003" (assault). The court instructed the jury: "proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a

reasonable doubt that the offense was committed on a date reasonably near the alleged date." See *United States v. Turner*, 189 F.3d 712, 722 (8th Cir. 1999) (approving identical instruction). Youngman argues that it is "all but impossible" for him to provide a defense if exact dates of offenses are not proven.

This court reviews jury instructions for abuse of discretion. *United States v. Katz*, 445 F.3d 1023, 1030 (8th Cir. 2006). Jury instructions are adequate if "taken as a whole, [they] adequately advise the jury of the essential elements of the offenses charged and the burden of proof required of the government." *United States v. Rice*, 449 F.3d 887, 895 (8th Cir. 2006).

The use of "on or about in an indictment relieves the government of proving that the crime charged occurred on a specific date, so long as it occurred within a reasonable time of the date specified." *United States v. Duke*, 940 F.2d 1113, 1120 (8th Cir. 1991); *Turner*, 189 F.3d 712, 722 (8th Cir. 1999). Time is not a material element of a criminal offense unless made so by the statute creating it. *United States v. Stuckey*, 220 F.3d 976, 982 (8th Cir. 2000). The date of the offense is not a material element of a assault with a dangerous weapon, or aggravated sexual assault. See **18 U.S.C. §§ 113(a)(3), 2241(a), 2246(2)**. The district court did not abuse its discretion in declining the proposed jury instruction as time was not a material element of the offenses, and the jury was adequately advised of their essential elements.

D.

Youngman challenges his two convictions of aggravated sexual abuse against B.L. and K.K., and three of his convictions of assault with a dangerous weapon against K.K., B.L, and S.R.. Youngman contends that the district court erred in denying his motions for acquittal on these counts, because the only evidence supporting them is the uncorroborated testimony of the victims.

This court reviews de novo the sufficiency of the evidence supporting a judgment. *United States v. Washington*, 318 F.3d 845, 852 (8th Cir. 2003). Evidence is viewed in the light most favorable to the government and the government is given the benefit of all reasonable inferences. *United States v. Bolzer*, 367 F.3d 1032, 1035 (8th Cir. 2004). This court will affirm if the evidence could convince a reasonable jury that Youngman was guilty beyond a reasonable doubt. *United States v. Lopez*, 443 F.3d 1026, 1030 (8th Cir. 2006).

The elements of aggravated sexual abuse are (1) the defendant did knowingly cause and attempt to cause another to engage in a sexual act, (2) by the use of force or threat of force, (3) the defendant is an Indian, and (4) the offense occurred in Indian Country. **18 U.S.C. §§ 1153, 2241(a), 2246(2)**. The elements of assault with a dangerous weapon are the defendant (1) assaulted the victim, (2) used a dangerous weapon, (3) acted with the intent to do bodily harm, (4) acted without just cause or excuse, (5) is an Indian, and (6) the offense occurred in Indian Country. **18 U.S.C. §§ 113(a)(3), 1153**.

Questioning the victim's credibility, Youngman asserts that neither B.L. nor S.R. immediately reported the abuse to police or medical personnel, and that K.K. was unclear whether the assault happened before or after her hospital visit. He also contends that a reasonable jury could not have convicted him of the aggravated sexual abuse of B.L. and K.K. because neither specifically said "no" that they did not want to have sex with him.

This court does not review questions involving the credibility of witnesses, which are within the province of the jury. *United States v. Dabney*, 367 F.3d 1040, 1043 (8th Cir. 2004). Decisions regarding the credibility of witnesses are resolved in favor of the jury's verdict. *United States v. Gabe*, 237 F.3d 954, 961 (8th Cir. 2001).

In this case, K.K. testified that she did not want to have sex with Youngman and that she was "scared for my life;" B.L. said that she did not say no to sex because she was "afraid of more abuse."

In regard to the assaults, the jury saw police photographs of K.K. with bruises covering her back and hips; K.K. testified that Youngman beat her with a belt. B.L. stated that Youngman hit her multiple times with a belt. Similarly, S.R. testified that Youngman punched her and hit her with a belt.

There was sufficient evidence for a reasonable jury, drawing all reasonable inferences, to convict Youngman of aggravated sexual abuse, and assault with a dangerous weapon.

II.

The judgment of the district court is affirmed.

_____