FILED
JUL - 8 2008
[signature] CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | | |
|---|---|---|
| DARREN YOUNGMAN, | ) | |
| | ) | |
| Petitioner, | ) | CR 04-30110 |
| | ) | |
| vs. | ) | GOVERNMENT ANSWER TO |
| | ) | MOTION PURSUANT TO 28 |
| UNITED STATES OF AMERICA | ) | U.S.C. § 2255 |
| | ) | |
| Respondent. | ) | |

Pursuant to Rule 5 for Section 2255 Proceedings, the United States of America hereby answers the allegations set forth in Petitioner Darren Youngman's 28 U.S.C. § 2255 Motion.

## MOTION TO DISMISS

The Government moves this Court to dismiss Petitioner's motion because it fails to state a claim cognizable under 28 U.S.C. § 2255.

## RESPONSE TO PETITIONER'S CLAIMS

The Government hereby denies each and every allegation set forth in Petitioner's motion, unless expressly admitted herein. The Government hereby responds to the specific allegations as follows:

**I. Petitioner is not procedurally barred from review of the issues presented in this petition where Petitioner can present a colorable claim of actual innocence.**

The Petitioner claims his issues are not subject to procedural default because he can make a colorable claim of actual innocence. The Petitioner offers no facts or evidence in support of his

innocence. Petitioner relies on conclusory statements that are unsupported by the record to prove his innocence. These are not grounds for relief under § 2255 Motion. Furthermore, it is well established that non-jurisdictional and non-constitutional claims are barred if not raised on direct appeal.

The Government directs the Court to the Government's Response and Brief in Opposition to 28 U.S.C. § 2255 Petition. Petitioner's claims of unreasonable sentence, prejudicial Court error and the right to an evidentiary hearing are all subject to procedural default. Petitioner's jurisdictional claim and ineffective assistance of counsel claim are not subject to procedural default, but they are meritless and not supported by the record. Accordingly, they must be dismissed.

## II. Petitioner suffered from ineffective assistance of counsel

Petitioner claims he suffered ineffective assistance of counsel based on the following claims: failure to call exculpatory witnesses, failure to properly cross-examine and impeach government witnesses, failure to investigate, failure to prepare for trial and produce defense evidence, failure to challenge prosecution evidence, failure to argue actual innocence, conflict of interest, failure to object to prosecutorial misconduct, failure to object to sentencing, failure to communicate, failure to poll the jury, failure to object to jury instructions, and ineffective appellate counsel. All of the above stated claims are unsupported by the record and must be dismissed.

The Government again directs the Court to the Government's Response and Brief in Opposition to 28 U.S.C. § 2255 petition. Petitioner's claims of ineffective assistance of counsel are vague, conclusory, and unsupported by the record. Petitioner failed to show counsel was

2

ineffective under the *Strickland* test. Furthermore, Petitioner did not show he was prejudiced by counsel's performance. For these reasons, the Petitioner's claims of ineffective assistance of counsel do not pass muster under *Strickland* and must be dismissed.

### III. Reasonableness of Sentence

Petitioner mistakenly claims his sentence was unreasonable and above the statutory maximum. Petitioner was convicted of two counts of aggravated sexual abuse and five counts of assault with a dangerous weapon. Each count of aggravated sexual abuse carries a statutory maximum of life in prison. Each count of assault with a dangerous weapon carries a statutory maximum of ten years in prison.

The District Court established the Petitioner's advisory Guidelines Range for the above offenses at 235-293 months' imprisonment. The Court sentenced him to 280 months. In doing so, the Court took into account the factors listed in 18 U.S.C. § 3553(a). Based on this analysis, Petitioner's sentence was reasonable.

### IV. Perjured Testimony

Petitioner claims that government witnesses committed perjury. Petitioner's basis for this claim is that witnesses' testimony was not consistent with his account of what took place. It is well established in the Eighth Circuit that it lies within the province of the jury to resolve conflicting testimony and to determine the credibility of witnesses. The jury resolved conflicting testimony, evaluated the credibility of the witnesses, and found Petitioner guilty on seven counts. Petitioner does not offer any factual support for his perjury claim and it must be dismissed.

### V. Jurisdiction

Petitioner claims that he was not properly transferred from tribal custody into federal

3

custody. The Government directs the Court to the Government's Response and Brief in Opposition to 28 U.S.C. § 2255 petition. The record shows that Petitioner was transferred into federal custody through a Writ of Habeas Corpus ad Prosequendum issued by United States District Judge Charles B. Kornmann. The documentation of this transfer is found in the case docket. Based on the analysis above, this claim must be dismissed.

## VI. The Court's errors at trial were prejudicial

Petitioner argues that the District Court's errors were prejudicial on direct appeal. It is well settled in the Eighth Circuit that issues raised on direct appeal cannot be relitigated in a §2255 Motion. Petitioner is not entitled to raise this claim in his § 2255 Motion and it must be dismissed.

## VII. Evidentiary hearing

Petitioner claims he is entitled to an evidentiary hearing on his § 2255 Motion. The Eighth Circuit recognized that a petitioner is entitled to an evidentiary hearing unless his allegations, accepted as true, would provide no relief, or his claims are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. Here, Petitioner's claims are not supported by the record. His claims are based on conclusions rather than facts. Accordingly, Petitioner's claim for an evidentiary hearing must be denied.

The Government also refers the Court to its brief in support of its answer to the petition, which is herein incorporated by this reference, to supplement the Government's answer. The Government requests Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be denied in its entirety.

Dated this ___ day of July, 2008

MARTY J. JACKLEY
UNITED STATES ATTORNEY

Jeremy R. Jehangiri
Assistant United States Attorney
P.O. Box 7240
Pierre, South Dakota 57501
(605) 224-5402
Fax (605) 224-8305
jeremy.jehangiri@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned attorney for the United States of America hereby certifies that on the ___ day of July, 2008, a copy of the Government's Response and Brief in opposition to Petitioner's 28 U.S.C. § 2255 Petition was electronically transmitted by the clerk's office or mailed first-class, postage prepaid, hand-delivered, or faxed by the undersigned this date to the parties listed below:

Aloysius Arendt
P.O. Box 1077
Pierre, SD 57501

Darren Youngman - 12753-073
FCC Beaumont Medium
P.O. Box 26040
Beaumont, TX 77720

MARTY J. JACKLEY
UNITED STATES ATTORNEY

Jeremy R. Jehangiri
Assistant United States Attorney

5